359 So.2d 234 (1978)
Succession of Russel N. SMITH, Sr., Defendant-Appellant.
No. 13534.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1978.
Rehearing Denied June 6, 1978.
*235 Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for administratrix, defendant-appellant.
Bice, Russell & Allen by Charles B. Bice, William M. Russell, III, Winnfield, for Russel N. Smith, Jr., et al. plaintiffs-appellees.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied June 6, 1978.
MARVIN, Judge.
This contest is between the three major children of decedent's first marriage and their stepmother, who is the decedent's second wife, the administratrix of his succession, and the mother of decedent's remaining two children, the minor incompetent heirs of decedent.
Two of the major children successfully opposed some of the details of a tableau of distribution filed by the administratrix some three years after decedent's death and obtained judgment placing the three major competent heirs into possession of their share of a part of the estate.
*236 On the appeal of the administratrix, with one exception as to the administrative detail on which we reverse and remand for additional evidence, we affirm.
The administratrix raises five issues:
(1) Shortly after being qualified, the administratrix petitioned and obtained authority to borrow at eight percent interest for one year $5,280 to pay funeral expenses and community debts. The administratrix borrowed the money from herself. She now contends the lower court erred in not allowing her individually, the almost three years interest on the debt, but instead, limiting her to the one year as she expressly sought in her petition. Under these circumstances, we find no error in the judgment below. C.C.P. 3301.
(2) The administratrix sought to charge the expenses of administration, including the fee of her attorney, solely to the succession (decedent's one-half community and his separate estate). The lower court prorated these expenses between the succession and the community property.
Here, the decedent owned two incorporated businessesan automobile dealership and a retail store the affairs of which were sufficiently complex to meet the test set forth in Succession of Sharp, 288 So.2d 413 (La.App. 4th Cir. 1973), distinguishing Succession of Helis, 226 La. 133, 75 So.2d 221 (1954). We find no error. Succession of Webre, 49 La.Ann. 1491, 22 So. 390 (1897).
(3) In the tableau, the administratrix proposed to pay an alleged debt of $46,000 to the incorporated retail store business. The lower court, in effect, found that the corporation was an indispensable party to any adjudication as to the existence and validity of the debt and required its joinder and some documentary proof of the debt. C.C.P. 641. This was not error.
(4) The detailed descriptive list includes shares of the incorporated auto dealership as an asset of the separate estate.
The federal estate tax return, prepared later, shows as community property, an additional amount of $5,600, paid to the succession by the auto dealership on June 30, 1976. This amount is also reflected in the administratrix's annual account for the year ending April 1, 1977. The tableau characterized this sum as community property. The lower court ruled it was separate property. The only testimony, however, relating to any amount owed to decedent by the auto dealership, came from the accountant for the dealership, who was also accountant for the estate. He could not identify this exact sum in any respect, except to explain there was some $9,570 owed the decedent in profits not distributed which had accumulated perhaps over a period of 20 years.
Income from separate property during the existence of the community of course is community. See C.C. 2334, 2402; Broussard v. Broussard, 340 So.2d 1309 (1976). Under the circumstances, we find it impossible to determine what part of the total amount paid to the administratrix by the dealership is separate and what part is community. Since we affirm and effectively remand on the issue of the retail store debt, we reverse and also remand on this issue to allow documentary and other legal proof as to what profits of the dealership were accumulated and in what years in order that a proper determination of the legal character of this asset might be made.
(5) Even though an estate is being administered, the competent heirs may be sent into possession of all or part of the property upon proceeding contradictory with the succession administratrix. C.C.P. 3362. On the basis of the showing made, including the sworn pleadings and the affidavit of heirship which were not contested by the administratrix, we find no abuse of discretion in the lower court's placing the competent heirs in possession of their share of certain real estate, improvements and furnishings, and corporate stocks.
The judgment appealed is affirmed in all respects, except as to the characterization of such funds as have been or may be paid to the administratrix by the automobile dealership which are or were accumulated *237 profits of the dealership, undistributed until after decedent's death. This issue is remanded for further proceedings as discussed under issue (4) above. Cost of this appeal is assessed to the administratrix.
Affirmed in part and reversed and remanded in part.